**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **BLUECREST CAPITAL INTERNATIONAL MASTER FUND LIMITED, in Voluntary Liquidation,** | )<br>)<br>)<br>)<br>) |
| Plaintiff, | ) No. 22-cv-1459<br>) |
| v. | )<br>) |
| **TRAVEL HOLDINGS, INC., and TOURICO HOLIDAYS, INC.,** | )<br>)<br>) |
| Defendants. | )<br>) |

## COMPLAINT

The plaintiff, BlueCrest Capital International Master Fund Limited, in Voluntary Liquidation (the "**Fund**"), for its Complaint against the defendants, Travel Holdings, Inc. ("**Travel Holdings**"), and Tourico Holidays, Inc. ("**Tourico**"), respectfully states:

## PARTIES

1. The Fund is an exempted company with shareholders organized and existing under the laws of the Cayman Islands, with its registered address in the Cayman Islands.

2. Travel Holdings is a Delaware corporation with its principal place of business in the State of Florida.

3. Tourico is a Florida corporation with its principal place of business in the State of Florida.

## JURISDICTION & VENUE

4. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the Fund is a citizen of a foreign state, Travel Holdings is a citizen of the States of

Delaware and Florida, Tourico is a citizen of the State of Florida, and the amount in controversy exceeds $75,000.00.

5.  Venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(c)(2) because Travel Holdings and Tourico have done and continue to do business and intentionally avail themselves of the markets within this district, and Travel Holdings and Tourico are subject to personal jurisdiction in this district.

6.  Venue also is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(3) in that the contracts involved in this dispute expressly provide for venue in any state or federal court located in Cook County, Illinois, and Travel Holdings and Tourico expressly consented and agreed to submit to the personal jurisdiction of this Court.

## BACKGROUND

7.  Travel Holdings provides travel distribution services, offering hotel agreements, cruises, flights, vacation packages, and similar products and services to customers worldwide.

8.  Tourico operates as a worldwide travel brokerage company and promotes itself as a leading global travel distribution company.

9.  On December 21, 2007, Travel Holdings and Tourico, collectively as Borrower, and BlueCrest Venture Finance Master Fund Limited ("**BC Venture Finance**"), as Lender, entered into an Amended and Restated Loan and Security Agreement (the "**Loan Agreement**"), pursuant to which BC Venture Finance agreed to extend to Travel Holdings and Tourico a term loan in the original principal amount of $14,000,000, according to the terms and conditions set forth in the Loan Agreement.

10. A true and correct copy of the Loan Agreement is attached hereto as Exhibit A.

11. Also on December 21, 2007, Travel Holdings and Tourico, collectively as Borrower, and BC Venture Finance, as Lender, entered into a Fee Agreement (the "**Fee Agreement**"), pursuant to which Travel Holdings and Tourico agreed to pay a fee of $300,000 (the "**Fee**") to BC Venture Finance upon the occurrence of a "Change of Control."

12. A true and correct copy of the Fee Agreement is attached hereto as Exhibit B.

13. The execution of the Fee Agreement by Travel Holdings and Tourico in favor of BC Venture Finance and the commitments of Travel Holdings and Tourico contained therein were conditions precedent to BC Venture Finance extending the term loan as provided in the Loan Agreement.

14. The Fee Agreement is referred to, defined, and integrated into the Loan Agreement. (Exhibit A, Loan Agreement, at §§ 1(LL), 2.5(b) and 9.3.)

15. The Fee Agreement provides that "Change of Control" shall have the meaning assigned to that term in the Loan Agreement. (Exhibit B, Fee Agreement, § 1.)

16. The Loan Agreement, in turn, defines "Change of Control" as follows:

> H. "Change of Control" means, at any time, (i) the current shareholders of Borrower shall cease to beneficially own and control, directly or indirectly on a fully diluted basis, a majority of the economic and voting interests in the capital stock or other ownership interests of Borrower or (ii) any Person or group acting in concert other than any current shareholders, note holders, convertible security holders, or warrant or option holders of Borrower shall be entitled, through their ownership of securities of Borrower, to elect a majority of the seats on Borrower's board of directors. In connection with the foregoing, a Change of Control shall not include any change brought on by the redemption or conversion of any existing securities of Borrower, including without limitation notes payable of Borrower, or the exercise of any existing options or warrants to purchase securities of Borrower, and a Change of Control shall not have occurred if each Tourico Shareholder retains that number of shares of Borrower equal to 70% of the number of shares of Borrower that such Tourico Shareholder currently owns.

(Exhibit A, Loan Agreement, at § 1(H).)

17. The Loan Agreement further provides, "[t]he provisions of this Loan Agreement shall be binding upon and inure to the benefit of the respective successors, assigns, . . . and representatives of Borrower and Lender . . . ." (<u>Exhibit A</u>, Loan Agreement, § 9.6.)

18. Travel Holdings and Tourico agreed to provide BC Venture Finance with written notice of the occurrence of a Change of Control as soon as practicable, but in no event more than ten (10) days after such Change of Control. (<u>Exhibit B</u>, Fee Agreement, § 2.)

19. Travel Holdings and Tourico further agreed to remit the Fee to BC Venture Finance no later than five (5) business days after notice of the Change of Control. (<u>Exhibit B</u>, Fee Agreement, §§ 3 & 4.)

20. On or about June 8, 2017, Travel Holdings and Tourico merged with HotelBeds Group Sl ("**HotelBeds**"), a company organized in the Kingdom of Spain.

21. As a result of the merger transaction, HotelBeds became the controlling shareholder of Travel Holdings and Tourico.

22. The June 8, 2017 merger constituted a Change of Control as defined in the Fee Agreement and Loan Agreement.

23. The June 8, 2017 merger triggered the requirement that Travel Holdings and Tourico remit payment to BC Venture Finance in the amount of $300,000 by no later than June 23, 2017.

24. The Fund, the plaintiff in this action, currently holds all rights, remedies and powers under the Loan Agreement and the Fee Agreement by virtue of transfer and assignment.

25. The Fund has sent several demands to Travel Holdings and Tourico seeking payment of the Fee.

26. Attached hereto as <u>Exhibit C</u> is a true and correct copy of a formal notice of default dated May 13, 2021, sent by the Fund to Travel Holdings and Tourico demanding payment of the Fee in the amount of $300,000.

27. Travel Holdings and Tourico have failed and refused to pay the Fee.

28. Pursuant to Section 8.1 of the Loan Agreement, Travel Holdings' and Tourico's failure to pay the Fee constitutes a breach of the Fee Agreement and an Event of Default under the Loan Agreement.

29. Pursuant to Section 9.7 of the Loan Agreement, Travel Holdings and Tourico are jointly and severally liable to the Fund.

30. Pursuant to the Loan Agreement and Fee Agreement, the Fund is entitled to recover from Travel Holdings and Tourico the Fee, prejudgment interest to the maximum extent permitted by applicable law, together with all reasonable attorneys' fees, costs, and expenses incurred by the Fund in seeking enforcement of its rights under the Fee Agreement and the Loan Agreement.

31. Pursuant to New York CPLR § 5004, the Fund is entitled to recover prejudgment interest at the rate of nine percent (9.0%) per annum for all moneys after they became due from Travel Holdings and Tourico on June 23, 2017.

32. Pursuant to Section 9.12 of the Loan Agreement, Travel Holdings and Tourico have consented to and submitted to the jurisdiction of this Court.

## CLAIM FOR RELIEF

33. The Fee Agreement and the Loan Agreement are binding and enforceable agreements.

34. Travel Holdings' and Tourico's failure to pay the Fee constitutes a breach of the Fee Agreement and the Loan Agreement.

35. Travel Holdings' and Tourico's breach of the Fee Agreement and the Loan Agreement has caused and continues to cause damages to the Fund.

36. The Fund has incurred, and continues to incur, out of pocket costs and expenses, including, but not limited to, reasonable attorney's fees and costs, as a result of Travel Holdings' and Tourico's breach of the Fee Agreement and the Loan Agreement.

37. The Fund is entitled to a judgment against Travel Holdings and Tourico for compensatory damages in the amount of $300,000, prejudgment interest thereon from and after June 23, 2017, plus its reasonable attorneys' fees, costs, and expenses.

WHEREFORE, the Fund respectfully requests that the Court enter judgment in favor of the Fund and against Travel Holdings and Tourico, jointly and severally, in the amount of $300,000, plus prejudgment interest thereon from and after June 23, 2017, to the date of the judgment, plus its reasonable attorney's fees, costs, and expenses, and that the Court grant the Fund such other and further relief as is just and proper in the premises.

*[Remainder of Page Left Blank]*

Respectfully submitted,

BLUECREST CAPITAL INTERNATIONAL MASTER FUND LIMITED, in Voluntary Liquidation


By: Antonio DeBlasio, Esq.
    One of Its Attorneys
    Antonio DeBlasio
    David M. Gower
    DeBlasio & Gower LLC
    2001 Midwest Road, Suite 100
    Oak Brook, Illinois 60523
    T: 630-560-1124
    E: deblasio@DGLLC.net
    E: gower@DGLLC.net


By: /s/Elizabeth A. Roberge
    Elizabeth A. Roberge (*To Be Admitted PHV*)
    Bose McKinney & Evans LLP
    111 Monument Circle, Suite 2700
    Indianapolis, Indiana 46204
    T: (317) 684-5223 – Direct
    E: eroberge@boselaw.com

*Attorneys for Plaintiff, BlueCrest Capital International Master Fund Limited, in Voluntary Liquidation*